UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN K. JOHNSON,

    Plaintiff,

v.

ELDON VAIL, *et al.*,

    Defendants.

Case No. C08-5654FDB

REPORT AND RECOMMENDATION

Noted for January 20, 2009

This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local MJR 4. This matter comes before the court on the plaintiff's motion for default (Doc. 7). After reviewing the relevant pleadings and the remaining record, the undersigned submits the following report and recommendation.

## DISCUSSION

The Federal Rules of Civil Procedure require defendants to answer a complaint within twenty (20) days from the date being served with the summons and complaint, or if service of the summons was timely waived, within sixty (60) days after the date when the request for waiver was sent. Fed. R. Civ. P. 12(a). If a defendant fails to respond within that time, a default judgment may be entered. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 108 S.Ct. 198 (1987).

In this case, Plaintiff argues Defendants have not appeared or filed their answer to his Complaint in a timely manner. Plaintiff seeks default and judgment. Plaintiff's argument is based on the fact that an Answer has not been filed within the sixty (60) time period following the court's order directing

ORDER
Page - 1

service, dated November 11, 2008.

In response to the motion for default, the attorney general for the State of Washington states a limited appearance has been filed in the matter, but none of the defendants have yet to be served. In other words, the U.S. Marshal did not send out the service forms soon after the court directed service. Upon inquiry the court understands the U.S. Marshal sent out the service documents on January 14, 2009. Accordingly, the court should expect the filing of The Notice of Lawsuit and a Return of Service from each defendant in the near future. Subsequently, the Clerk should receive waivers of service of summonses and an Answer or other appropriate affirmative pleading from defendants.

## CONCLUSION

Because the time period to file an Answer or other affirmative pleading has not expired, the Court should DENY plaintiff's motion for default without prejudice. Default judgments are generally disfavored and the court prefers a decision on the merits, In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 20, 2009**, as noted in the caption.

Dated this 27th day of January, 2009.

                                             */s/ J. Kelley Arnold*
                                             J. Kelley Arnold
                                             United States Magistrate Judge