UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN K. JOHNSON,

        Plaintiff,

v.

ELDON VAIL, *et al.*,

        Defendants.

CASE NO. C08-5654FDB

REPORT AND RECOMMENDATION

Noted for April 24, 2009

This §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon defendants' motion to dismiss (Doc. 24). Defendants ask the court to dismiss this matter for several reasons, including, (1) Plaintiff's failure to allege or prove that his conviction and sentence were invalid, (2) Plaintiff's failure to exhaust administrative remedies, and (3) Plaintiff's failure to state a cognizable claim for damages. For the reasons set forth below, I recommend that the Court grant defendants' motions to dismiss.

REPORT AND RECOMMENDATION - 1

## STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, (1957)). Dismissal under Fed R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A Plaintiff need not set out in detail the facts upon which he bases his claim. However, a Plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." Benson v. Cady, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in Plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. Id. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting* Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

## PROCEDURAL BACKGROUND

On October 28, 2008, Plaintiff filed the Complaint in this matter pursuant to 28 U.S.C. § 1983, alleging he was being held at McNeil Island Corrections Center beyond his earned release date (allegedly, Plaintiff had earned good time credit and should have been released on or about July 27, 2008). Plaintiff further alleges that he was retaliated against when he was placed in administrative segregation ("the hole") for eleven days. Plaintiff seeks injunctive relief (release from prison) and compensatory damages in the amount of $500,000. In lieu of filing an answer

to the Complaint, on February 18, 2009 Defendants filed the instant motion to dismiss pursuant to FRCP 12(b)(6).

The motion was properly noted for consideration by the court on March 13, 2009. Defendants filed proof that they served the motion on Plaintiff at his address of record on that date. However, Plaintiff filed a change of address with the court on the same date, February 18, 2009. Defendants then filed proof on February 20, 2009, showing that Plaintiff was served with a copy of the motion at his new address. To date, Plaintiff has not filed any opposition to the motion to dismiss.

## **DISCUSSION**

Local Rule CR 7(b)(2) provides:

> If a party fails to file the papers in opposition to a motion, such failure may be considered by the court <u>as an admission that the motion has merit</u>.

(Emphasis added).

The court also notes that in its Order Directing Service, issued on November 11, 2008, all parties were directed to file any opposition to a motion "not later than 4:30 PM on the Monday immediately preceding the Friday appointed for consideration of the motion" (Dkt. # 3, p. 3). Therefore, plaintiff was given fair notice both in the local rule and by specific order of the court, that he was required to file a response to the motion. *See* <u>Rand v. Rowland</u>, 154 F.3d 957-58 (9th Cir. 1998).

Because Plaintiff has failed to oppose the motion to dismiss, the Court should deem Plaintiff's failure as an admission that the motion has merit and grant defendants' motion to dismiss.

### A. Plaintiff's Claims Must Be Dismissed Under Heck v. Humphrey

Moreover, defendants' motion to dismiss has substantive merit because plaintiff failed to allege that his conviction or sentence had been invalidated.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-89 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.

Here, Mr. Johnson alleges he is being held beyond his earned release date. This is the type of claim that is normally brought in a petition for writ of habeas corpus not § 1983. Plaintiff has not alleged that his conviction or sentence has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Therefore, plaintiff's § 1983 claim has not yet accrued, and therefore is not cognizable.

### B. Exhaustion Of Available Administrative Remedies Is Required

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court has held that inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking

REPORT AND
RECOMMENDATION - 4

any action in response to the grievance.  Booth v. Churner, 531 U.S. 956 (2001).  The Supreme Court recently reaffirmed the exhaustion requirement in Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Here, Plaintiff has not alleged that he had attempted to exhaust his administrative remedies, i.e., Plaintiff has failed to present his claims to the prison grievance coordinator and complete the administrative review process.  Therefore, defendants' motion to dismiss should be granted.

### *C. Plaintiff has Failed to Present A Cognizable Claim Against Several Defendants*

Finally, to properly state a civil rights cause of action under § 1983, Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A § 1983 suit cannot be based on vicarious liability alone, but instead must allege that the defendants' own conduct violated the plaintiff's civil rights.  City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Plaintiff's Complaint fails to show how any of the named defendants personally participated in causing any constitutional or civil rights violation.  For instance, Plaintiff names Secretary Vail, Superintendent Van Boening, Officer Green and Ms. Paxton as defendants, but the Complaint does not contain an allegation that any of these individuals personally participated in the alleged violation of Plaintiff's civil rights.  It also appears Defendants Vail and Van

REPORT AND
RECOMMENDATION - 5

Boening are being named in their supervisory capacity, and Plaintiff has not alleged sufficient facts to state a claim against the prison officials based on their personal involvement.

### **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss should be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 24, 2009, as noted in the caption.

DATED this 3rd day of April, 2009.

J. Richard Creatura
United States Magistrate Judge